IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOSHUA D. LIVINGSTON,

                    Plaintiff,

              v.                        CASE NO.  07-3229-SAC

(FNU) BUCHANAN, et al.,

                    Defendants.

O R D E R

    This civil rights complaint, 42 U.S.C. § 1983, was filed by an
inmate of the El Dorado Correctional Facility, El Dorado, Kansas
(EDCF).  Defendants are Warden Roberts and employees at EDCF.

    As the factual background for his case, plaintiff alleges that
on June 20, 2007, he was sprayed with a "chemical weapon" by
defendant "CSI Buchanan" when he was posing no threat of harm to
himself or others.  He claims the force was unnecessary and
improperly used as a punitive measure only.  He asserts this
amounted to cruel and unusual punishment, and a denial due process.
He alleges he has sought administrative relief.  He requests
"punitive, compensatory, nominal" as well as a preliminary and
permanent injunction.

    In support of his claim of cruel and unusual punishment,
plaintiff alleges at the time of the incident he was housed in the
"supermax" long term segregation unit at EDCF, and was being placed
in restraints to be escorted to the shower.  He further alleges
defendant Buchanan unnecessarily jerked the handcuffs, so plaintiff
told defendant to remove them and he was not going to shower because
he did not want to be subjected to "this abuse."  He alleges

Buchanan again improperly handled the cuffs while removing them, plaintiff pulled away, Buchanan "tried to pull (him) back with the cord attached to the handcuff key," and the handcuff key broke inside the cuffs.  Then, defendant Buchanan saturated plaintiff's locked and secured cell with "a chemical weapon," when plaintiff was no threat to anyone.  One side of Mr. Livingston's face and body was covered with the chemical spray.  Buchanan finally called for assistance.  Plaintiff alleges defendant Buchanan's actions in no way served the purpose of maintaining control or protecting anyone from harm.

In support of his claim of denial of due process, plaintiff alleges he submitted a grievance to defendant Unit Team Manager Hoshaw, who had also responded to Buchanan's call for assistance, which apparently was denied.  Plaintiff then appealed to Warden Roberts, but was "denied relief or resolution."  He also alleges he filed a "property/injury" claim with the "Property Claim Investigator" defendant Emery who recommended that his claim be denied, and that defendant Dragoo denied his property claim, which was approved by the Secretary of Corrections.

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a copy of his "Inmate Account Statement" for the six months preceding the filing of his complaint which has been filed as a Motion for Leave to Proceed in forma pauperis (Doc. 2).  Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately

preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $35.20 and the average monthly balance is $21.40.  The court therefore assesses an initial partial filing fee of $7.00, twenty percent of the average monthly deposit, rounded to the lower half dollar[1].  Plaintiff must submit the assessed fee within thirty days or this action may be dismissed without further notice.

**SCREENING**

Because Mr. Livingston is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds portions of the complaint are subject to being dismissed for the following reasons.

**PERSONAL PARTICIPATION**

Plaintiff does not allege sufficient personal participation by defendant Warden Roberts in either the alleged use of excessive force or the alleged deprivation of personal property without due process.  This action must be dismissed against defendant Roberts unless plaintiff supplements his complaint with factual allegations showing Roberts actually participated in the incidents underlying

---

[1]        Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

plaintiff's claims.  A correctional official's mere affirmance of denial of a grievance does not amount to sufficient personal participation in the allegedly unconstitutional acts.

## FAILURE TO STATE A CLAIM OF DENIAL OF DUE PROCESS

Plaintiff does not allege what property he lost, which defendant or defendants caused the loss of and how, or any dates or description of the circumstances surrounding a loss of personal property.  His claim that he was denied due process in connection with a property loss claim appears to be based solely upon the fact that his administrative property claim was denied.  He does not present a copy of his property claim and the reasons given for the denial.  Mr. Livingston's conclusory statements fail to show a deprivation of property without due process.  Accordingly, plaintiff's due process claim should be dismissed for failure to allege sufficient facts in support.

Moreover, random and unauthorized deprivation of property is not a cognizable claim under Section 1983 when a state's post-deprivation remedies are adequate to protect a plaintiff's procedural due process rights.  Hudson v. Palmer, 468 U.S. 517, 530-34 (1983)(An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.); Parratt v. Taylor, 451 U.S. 527, 543-44 (19811 *overruled on other grounds,* Daniel v. Williams, 474 U.S. 327, 330-33 (1986).  The State of Kansas provides post-deprivation remedies for illegal loss of property through the state court system as well as the prison

administrative grievance process.  Under such circumstances, plaintiff fails to state a federal constitutional claim of deprivation of due process in connection with the loss of personal property while in prison.  Since defendants Hoshaw, Dragoo, and Emery are named in connection with plaintiff's property loss claim only, it follows that this action should be dismissed as against each of them for failure to state a constitutional claim.

**CLAIM OF EXCESSIVE FORCE**

This leaves plaintiff's Eighth Amendment claim against defendant Buchanan only.  At this stage, this court takes as true the material facts alleged in Mr. Livingston's complaint.  See Perkins, 165 F.3d at 806.  "[P]epper spray is an instrument with which prison officers wield their authority, or force, and thus its use implicates the excessive use of force."  DeSpain v. Uphoff, 264 F.3d 965, 978 (10th Cir. 2001).  The Tenth Circuit Court of Appeals has held that "application of the deliberate indifference standard is inappropriate in one class of prison cases: when 'officials stand accused of using excessive physical force.'"  Id., citing, Farmer v. Brennan, 511 U.S. at 835, quoting Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  It appears from plaintiff's allegations that a disturbance occurred.  This court is to ask whether Officer Buchanan acted "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  "Where no legitimate penological purpose can be inferred from a prison employee's alleged conduct . . . , the conduct itself constitutes sufficient evidence that force was used 'maliciously and

5

sadistically for the very purpose of causing harm.'" <u>Giron v.</u> <u>Corrections Corp. of Am.</u>, 191 F.3d 1281, 1290 (10th Cir. 1999), *quoting* <u>Whitley</u>, 475 U.S. at 320-21. The court cannot say at this juncture it appears beyond doubt that plaintiff can prove no set of facts against defendant Buchanan in support of his claim which would entitle him to relief. However, plaintiff states no grounds for a preliminary or permanent injunction.

Plaintiff will be given thirty days to show cause why this action should not be dismissed as against all defendants except defendant Buchanan, and proceed only upon plaintiff's claim of excessive force for damages.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Amend (Doc. 3) is granted, and the attached "First Amended Complaint" is to be filed.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 7.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days plaintiff must show cause why his claim of deprivation of property should not be dismissed for the reasons stated herein; this action should not be dismissed as against defendants Raymond Roberts, Larry Hoshaw, Mike Dragoo, and Angela Emery; and his claim for injunctive relief should not be denied.

**IT IS SO ORDERED**.

Dated this 22nd day of October, 2007, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge