IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOSHUA D. LIVINGSTON,

                    Plaintiff,

          v.                                   CASE NO.  07-3229-SAC

(FNU) BUCHANAN, et al.,

                    Defendants.

O R D E R

     Plaintiff herein seeks damages and injunctive relief based

upon his claims of deprivation of property without due process and

excessive force during an incident that occurred while he was in

segregation at the EDCF.  On October 22, 2007, this court entered

an Order assessing an initial partial fee in this case, which

plaintiff has paid[1].  In the same Order, upon screening the

complaint, the court found plaintiff had not alleged sufficient

personal participation on the part of any defendant other than

defendant Buchanan, and had failed to allege sufficient facts in

support of his claim of deprivation of property without due

---

     [1]     Plaintiff is reminded that pursuant to 28 U.S.C. §1915(b)(1), he
remains obligated to pay the remainder of the full district court filing fee of
$350.00 in this action.  Being granted leave to proceed in forma pauperis
entitles him to pay the filing fee over time through payments from his inmate
trust fund account as authorized by 28 U.S.C. §1915(b)(2).  Pursuant to
§1915(b)(2), the Finance Office of the facility where plaintiff is confined is
directed by copy of this Order to collect twenty percent (20%) of the prior
month's income each time the amount in plaintiff's account exceeds ten dollars
($10.00) until the filing fee has been paid in full.  Plaintiff is directed to
cooperate fully with his custodian in authorizing disbursements to satisfy the
filing fee, including but not limited to providing any written authorization
required by the custodian or any future custodian to disburse funds from his
account.

process.   Plaintiff was given time to show cause why this action should not be dismissed as against all defendants other than Buchanan, and why his due process claim should not be dismissed. The court also held that plaintiff stated no grounds for injunctive relief.

In response to the court's prior Order, plaintiff has filed a "Motion to Find Cause Against Dismissal" (Doc. 6), in which he contends that Larry Hoshaw and Mike Dragoo should remain as defendants.   In support of this contention, he alleges these two defendants "responded to the security code" on June 20, 2007; were "well aware of all of the facts surrounding the incident in which (plaintiff) was assaulted;" were responsible for investigating the matter; and that Hoshaw answered "subsequent grievances complaining of additional incidents of excessive force" where Buchanan "abused other inmates."  He further alleges that defendant Dragoo "decided to deny (his) property/personal injury claim."   While these allegations might suggest these two defendants could be useful witnesses or affiants, none suggests any wrongful, much less unconstitutional, acts on their part against plaintiff.  The only suggestion of a wrongful act by either is that they have not taken action "to insure the safety of inmates who continue to be abused by Officer Buchanan."  However, plaintiff's conclusory statements that Buchanan has abused other inmates, and these defendants have not taken action to insure the safety of other inmates do not indicate any wrongful conduct by them during the incident in question  or  that  these  individuals  should  be  held  liable  to

2

plaintiff for money damages.  The court concludes that plaintiff
has failed to state a claim under the Eighth Amendment against any
defendant other than Sgt. Buchanan.  Accordingly, this action shall
be dismissed as against all other defendants due to plaintiff's
failure to allege their personal participation in the wrongful acts
upon which this lawsuit is based[2].  28 U.S.C. § 1915A(a) and (b).

In his Response, plaintiff has not alleged any additional
facts or made any arguments to preserve his deprivation of property
claim.  The court concludes plaintiff's due process claim must be
dismissed for the reasons stated in its prior Order.  28 U.S.C. §
1915A(a) and (b).

The court further concludes that this action should proceed
only upon plaintiff's claim of excessive force against defendant
Sgt. Roland Buchanan for damages, and that proper processing cannot
be achieved without additional information from appropriate
officials of the El Dorado Correctional Facility.  See Martinez v.
Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935
F.2d 1106 (10th Cir. 1991).

Plaintiff has also filed a Motion for Order to Preserve
Evidence (Doc. 7), which the court finds should be denied at this
juncture, without prejudice.  The motion seeks video tapes and
discovery, matters that are dealt with in the order which follows.
Plaintiff may seek discovery at a later, appropriate time.  The

---

[2]     Plaintiff did not name the Kansas Department of Corrections as a
defendant in the complaint, even though KDOC has been listed on the docket as a
defendant.  KDOC is now made a defendant herein by the court for the limited
purpose of preparing and filing a Martinez report.

court notes he fails to indicate the relevance to the June 20, 2007, incident of several tapes mentioned in his motion.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted; and his Motion for Order to Preserve Evidence (Doc. 7) is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claim of deprivation of property without due process is dismissed for failure to state sufficient facts in support of a federal constitutional claim, and his claims for injunctive relief are denied.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied as against defendants Raymond Roberts, Larry Hoshaw, Mike Dragoo, and Angela Emery.

**IT IS FURTHER ORDERED:**

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served upon defendant by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of El Dorado Correctional Facility are directed to undertake a review of the

subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.   Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the Martinez report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein.  This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the clerk of the court shall

enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the <u>Martinez</u> report ordered herein.  Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant D. Kan. Rule 40.1.

Copies of this Order shall be transmitted to plaintiff, to defendant, to the Secretary of Corrections, to the Attorney General of the State of Kansas, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2008, at Topeka, Kansas.


<u>s/Sam A. Crow</u>
U. S. Senior District Judge


6