# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSHUA D. LIVINGSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-3229-EFM |
| ) | |
| ROLAND BUCHANAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Now before the Court is Defendant's Motion to Compel and for Sanctions. (Doc. 43.) Plaintiff has responded (Doc. 44) and Defendant has replied (Doc. 45). After a review of the parties' submissions, the Court is prepared to rule.

## BACKGROUND

Plaintiff filed his Complaint, *pro se*, on September 4, 2007. (Doc. 1.) Plaintiff, who was released as a prisoner from the El Dorado, Kansas, Correctional Facility on or about March 7, 2010, alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment and of his Fourteenth Amendment right to due process of law. (*Id.*) He filed an Amended Complaint on October 22, 2007. (Doc. 5.)

The Court entered an Order addressing Plaintiff's Amended Complaint and directing the preparation of a *Martinez* Report (Doc. 8), which was ultimately filed on September 17, 2008 (Doc. 19). Defendant Buchanan filed his Answer on October 7, 2008, generally denying Plaintiff's allegations of Constitutional violations. (Doc. 23.)

The following facts relate to the present motion and are uncontroverted, unless specifically designated as otherwise. Defense counsel contacted Plaintiff to schedule a time and place for Plaintiff's first noticed deposition. (Doc. 43-1, at 2.) Defendant initially intended to have the deposition take place at the Attorney General's office in Topeka, but agreed to Plaintiff's request to have it occur in El Dorado because of his recent release from prison and not having a vehicle. (*Id.*) Defense counsel made arrangements to have the deposition at the Butler County Courthouse in El Dorado, Kansas. (*Id.*) Plaintiff provided defense counsel with his current mailing address, and defense counsel contends he mailed a Deposition Notice to that address, but Plaintiff contends he did not receive it. (*Id.*; *see also* Doc. 44.) The deposition was first noticed for 2:00 p.m., April 5, 2010, at the Butler County Courthouse. (Doc. 41.) Plaintiff did not appear for the deposition. (Doc. 43-1, at 3.)

Thereafter, Plaintiff noticed the deposition a second time, to occur at the

Attorney General's office in Topeka, at 10:00 a.m. on April 29, 2010. (Doc. 42.) Defense counsel included correspondence with the second deposition notice to Plaintiff, asking him to contact her if he had any conflicts with the date, time or location, and informing him that Defendant would be seeking sanctions if he failed to appear. (Doc. 43-1, at 4.) Plaintiff admits that he received the letter and second deposition notice. (*See* Doc. 44; *see also*, Doc. 45, at 1-2.) Plaintiff contacted defense counsel by telephone after receiving the second notice and letter. (Doc. 43-1, at 4; Doc. 44, at 1.) Plaintiff contends that he did not agree to attend the April 29, 2010, deposition, "but said he would make an effort" to do so. (Doc. 44, at 1.) Regardless, on April 29, 2010, Plaintiff again failed to appear for the deposition. (*Id*.)

## DISCUSSION

Defendant brings the present motion seeking an order compelling Plaintiff to appear at his next scheduled and properly noticed deposition, to extend discovery 90 days to allow the deposition, and to impose sanctions against Plaintiff "in the sum of $196.28 for the reasonable expenses incurred as a result of the plaintiff's failure to appear for two previously scheduled depositions." (Doc. 43-1, at 5-6.) Plaintiff's response asks the Court to deny Defendant's request for sanctions, but does not address the other two requests (compelling his attendance at the

3

deposition and extending the discovery deadline). (Doc. 44.) As such, because these issues are uncontested, the Court **GRANTS** Defendant's requests to compel Plaintiff's attendance and to extend the discovery deadline. The Court's analysis thus turns to the issue of sanctions.

Pursuant to Fed.R.Civ.P. 37(d), a Court may order sanctions against a party who has failed to appear for his own deposition. The general purpose of discovery sanctions is not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "[T]he limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer." *White v. GMC*, 908 F.2d 675, 685 (10th Cir. 1990). Fed. R. Civ. P. 37(d)(3) specifically provides that "[i]nstead of or in addition to" the sanctions enumerated in Rule 37(b)(2)(A)(i)-(iv), "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

The analysis thus turns to whether Plaintiff has provided the Court with a basis for finding an award of expenses unjust. Although Plaintiff does not own an automobile, that does not excuse his absence at the first deposition, which was

4

scheduled in his hometown. Even if the Court assumes Plaintiff did not receive the properly mailed notice for the first scheduled deposition, the fact remains that he had spoken on the telephone with defense counsel about that deposition – and even requested a change in the location. As such, Plaintiff should have been aware of its existence. Plaintiff does, however, argue that defense counsel "informed Plaintiff she would call back that day to let Plaintiff know if she had received approval to make the trip to depose Plaintiff" but that defense counsel "never called Plaintiff back." (Doc. 44, at 1.) Because Defense counsel does not controvert this statement (*see generally*, Doc. 45), the Court accepts this as true. Taken with Plaintiff's assertion that he did not receive the first deposition notice, the Court finds that an award of costs is unjust as to the first scheduled deposition. The Court thus **DENIES** Defendant's request for sanctions regarding the first noticed deposition.

As for the second deposition, even assuming Plaintiff did not "agree" to the place and time for the deposition, he did receive the notice – and did not indicate he would not attend. To the contrary, he admits telling defense counsel he would "make an effort" to attend the second noticed deposition. (Doc. 44, at 1.) In any event, he filed nothing with the Court that indicated that he opposed the deposition as it had been notices. Defendant's request for sanctions regarding the second

5

deposition is, therefore, **GRANTED**.  A review of defense counsel's affidavit (Doc. 43-2, at 14-15) indicates expenses of $73.45 relating to the second noticed deposition, consisting of an original and a copy of Plaintiff's nonappearance taken on April 29, 2010.  (*Id*., at 8-11.)  The Court finds these expenses to be reasonable, particularly in light of the provisions of Fed. R. Civ. P. 37(d)(3), which basically require the payment of attorneys fees as part of "reasonable expenses."  Defendant has, however, requested only the court reporter fees, not attorneys fees.  The Court agrees that the Court reporter fees were directly caused by the failure and, further, are justified.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel and for Sanctions (Doc. 43) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS FURTHER ORDERED** that Plaintiff is directed to appear for his deposition at the Attorney General's office, 201 SW 10th Ave., 2nd floor, Topeka, Kansas, on a date and at a time noticed by defense counsel pursuant to the Federal Rules of Civil Procedure and Local Rules, to occur on or before **August 31, 2010.**

**IT IS FURTHER ORDERED** that the discovery deadline in this case shall be extended until September 15, 2010, for the limited purpose of completing Defendant's deposition of Plaintiff and obtaining a transcript of that deposition.

**IT IS FURTHER ORDERED** that Plaintiff is directed to pay Defendant, on or before **September 15, 2010**, sanctions in the amount of $73.45.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 19th day of July, 2010.

                                       s/ DONALD W. BOSTWICK
                                       DONALD W. BOSTWICK
                                       United States Magistrate Judge