# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSHUA D. LIVINGSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-3229-EFM |
| ) | |
| ROLAND BUCHANAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON SECOND MOTION TO COMPEL AND
## REPORT & RECOMMENDATION OF DISMISSAL

Now before the Court is Defendant's Second Motion to Compel and for Sanctions. (Doc. 50.) Defendant filed his initial Motion to Compel and for Sanctions (Doc. 43) after Plaintiff failed to appear for his noticed deposition on April 5, 2010 (Doc. 41) and again on April 29, 2010 (Doc. 42). In ruling on the initial motion, this Court ordered Plaintiff to appear for his deposition at the Attorney General's office, 201 SW 10th Ave., 2nd floor, Topeka, Kansas, on a date and at a time noticed by defense counsel pursuant to the Federal Rules of Civil Procedure and Local Rules, to occur on or before August 31, 2010. (*See* Doc. 46.) Plaintiff was also ordered to pay $73.45 in sanctions for his failure to appear. (*Id.*)

In accordance with that prior order, Defendant initially noticed Plaintiff's deposition to occur on August 13, 2010. (Doc. 47.)

Plaintiff apparently contacted defense counsel, stating that he would be unable to attend the deposition on that day because of "transportation issues." (Doc. 51, at 2.) In an effort to accommodate Plaintiff, Defendant rescheduled the deposition to occur on August 31, 2010. (Doc. 48; Doc. 51, at 2.) Plaintiff also apparently told defense counsel and/or counsel's staff on two occasions that if he could not attend the deposition on that date, he would dismiss the case.[1] (Doc. 51, at 2.) Plaintiff did not appear for his deposition as noticed and as ordered by this Court. (*Id.*, at 3; *see also* Doc. 46.)

Defendant now moves the Court for an Order requiring Plaintiff to pay the previously assessed sanctions (plus interest), imposing additional sanctions in the amount of $130.00 for the reasonable expenses incurred as a result of Plaintiff's additional failure to appear for his deposition, for $7,3000.00 in attorney's fees, and dismissing this action with prejudice "as a sanction for Plaintiff's repeated refusal to comply with Court orders, the rules of civil procedure and for Plaintiff's failure to prosecute his case." (Doc. 51, at 7.)

Pursuant to Fed.R.Civ.P. 37, a Court may order sanctions against a party

---

[1] Because Plaintiff did not respond to Defendant's motion, the Court must accept Defendant's uncontroverted representation as true.

who has failed to appear for his own deposition including, but not limited to, dismissing the action in whole or in part. The general purpose of discovery sanctions is not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. ***National Hockey League v. Metropolitan Hockey Club, Inc.***, 427 U.S. 639, 643 (1976). "[T]he limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer." ***White v. GMC***, 908 F.2d 675, 685 (10th Cir. 1990). Fed. R. Civ. P. 37(d)(3) specifically provides that "[i]nstead of or in addition to" the sanctions enumerated in Rule 37(b)(2)(A)(i)-(iv), "the court <u>must</u> require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Plaintiff has not responded to Defendant's motion and the time to do so has expired. D. Kan. Rules 6.1.1(d). As such, the Court will treat Defendant's requests as uncontested. D. Kan. Rule 7.4. Further, by failing to respond, Plaintiff has not provided the Court with any basis for finding Defendant's requested sanctions to be unjust. He filed nothing with the Court indicating opposition to the deposition as it had been noticed. To the contrary, it is uncontested that the deposition was rescheduled at Plaintiff's request – but he still failed to appear.

A review of defense counsel's affidavit (Doc. 51-1) indicates expenses of $130.00 relating to this deposition, consisting of an original and a copy of Plaintiff's nonappearance taken on August 31, 2010. (*Id*.) The Court finds these expenses to be reasonable. Also reasonable is Defendant's request for an additional order compelling Plaintiff to pay the previously assessed sanctions of $73.45, plus interest at the prime rate for each day past the original September 15, 2010, due date for which Plaintiff has failed to pay. (Doc. 46; Doc. 51,a t 5-6.)

Defendant also seeks "$7,300.00 in attorney's fees incurred as a result of Plaintiff's failure to appear at the fourth scheduled deposition." (Doc. 51, at 7.) Although of the provisions of Fed. R. Civ. P. 37(d)(3) basically require the payment of attorneys fees as part of "reasonable expenses," the Court finds this request to be both excessive and futile given Plaintiff's financial situation. The same is, therefore, denied.

The Court will, however, recommend that the District Court grant Defendant's request for the sanction of dismissal as Plaintiff has made no effort to contest this request. It is uncontroverted that Plaintiff told defense counsel on two occasions that he would dismiss this case if he failed to appear at his August 31, 2010, deposition. (Doc. 51, at 2.) It is also uncontroverted that, thereafter, Plaintiff failed to appear for this deposition, even though it had been rescheduled at

his request to accommodate his travel needs. (*Id*., at 2-3.) In addition to the request for dismissal being uncontested, the Court is satisfied that dismissal is justified given Plaintiff's repeated failure to appear for his deposition, to obey Court orders, and to prosecute his case. As such, the Court **RECOMMENDS** to the District Court that this case be **DISMISSED**, **with prejudice**.

**IT IS THEREFORE ORDERED** that Defendant's Second Motion to Compel and for Sanctions (Doc. 50) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS THEREFORE RECOMMENDED** that this case be **DISMISSED, with prejudice** given Plaintiff's repeated failure to appear for his deposition, to obey Court orders, and to prosecute his case. A copy of this Order and Recommendation shall be sent to Plaintiff *via certified mail*. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge. A party's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact,

conclusions of law, and the recommended disposition.

**IT IS THEREFORE ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 21ˢᵗ day of January, 2011.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge